**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | |
|---|---|
| **DAVID M. SCHEMENAUER**, an individual, | |
| and | |
| **MARSHALL HOME CORP.** an Indiana Corporation, | **CASE NO.: 3:26-cv-626** |
| Plaintiffs, | |
| v. | |
| **STYLECRAFT HOME COLLECTION, INC.** a Mississippi Corporation, | |
| Defendant. | |

## COMPLAINT

Plaintiffs, David M. Schemenauer and Marshall Home Corp. ("Plaintiff" or collectively "Plaintiffs"), by and through their undersigned counsel, complains as follows:

### NATURE OF THE ACTION

1. David M. Schemenauer is the author of a kinetic wind sculpture that is marketed to upscale home and garden centers through his wholly owned company, Marshall Home Corp. These sculptures are sold in northern Indiana and beyond.

2. His innovative sculptures are the subject of Copyright VA 2-210-306.

3. Defendant StyleCraft Home Collection, Inc. ("StyleCraft") has willfully and deliberately copied Plaintiff's kinetic sculpture, leading to a significant decline in sales and revenue for the sale of Plaintiff's sculptures.

4.      Defendant has marketed its own infringing sculptures at Sam's Club in Mishawaka, Indiana.

5.      Defendant, through its use of Plaintiff's copyrighted designs, has undercut Plaintiff's price through the sale of its infringing products and unfairly competed with Plaintiff.  This false designation of origin diminishes the bottom line of Plaintiffs as well as harms their goodwill and reputation.

6.      These sculptures are sold in the same market area as Plaintiff's sculptures.

## PARTIES

7.      Plaintiff David M. Schemenauer is an individual artist residing in Elkhart, Indiana.

8.      Plaintiff Marshall Home Corp. ("Marshall") is a corporation having its principal place of business at 52876 Harman Drive, Elkhart, IN, 46514.

9.      On information and belief, Defendant StyleCraft Home Collection, Inc. is a corporation having its principal place of business located at 8474 Market Place Drive, Suite 104, Southaven, MS 38671-5881.

## JURISDICTION & VENUE

10.     This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question jurisdiction); and 28 U.S.C. § 1338(a) and (b) because this action arises under the U.S. Copyright Act of 1976; and 28 U.S.C. § 1367 (supplemental jurisdiction).

11.     This Court has personal jurisdiction over Defendant because Defendant conducted business within the State of Indiana and has committed the acts of copyright infringement and unfair competition in this judicial district by the advertising, promoting, and selling of

the copyrighted sculptures which are confusingly similar and are identical to and/or substantially indistinguishable from sculptures being sold by Defendant.

12.    This Court has personal jurisdiction over Defendant because it transacts business within the State of Indiana and in this judicial district; contracts to supply the infringing sculptures in Indiana in this judicial district. Defendant has established minimum contacts with the forum such that the exercise of personal jurisdiction over them would not offend traditional notions of fair play and substantial justice.

13.    Venue is proper in this district pursuant to 28 U.S.C. § 1391.

14.    Venue is also proper in district pursuant to 28 U.S.C. § 1400(b) because defendant has committed infringement in this district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

15.    Mr. Schemenauer is an artist based in Elkhart, Indiana and is the owner of Marshall Home Corp.

16.    Marshall has, through its contract manufacturers, produced and sold the copyrighted kinetic sculpture in two different colors that are shown below:

 

17.    The above designs are true and accurate copies of the deposits filed with the subject copyright.

18.    The kinetic sculptures are seasonal items that have been sold throughout the Northern District of Indiana, particularly in or near Mishawaka, Indiana and the surrounding area.

19.    Mr. Schemenauer owns a valid copyright covering the above kinetic sculptures. This work was duly registered with the United States Copyright Office under Registration No. VA 2-210-306 (the "'306 Registration").  A true and correct copy of the '306 Registration is attached as Exhibit 1.

20.    Marshall is an authorized user of the '306 Registration and a seller of the kinetic sculptures covered by the '306 Registration.

**StyleCraft's Unauthorized Use of**
**David Schemenauer's Copyrighted Works**

21.    StyleCraft sells home accessories including home furnishings through its website, https://stylecraftonline.com, and through other retailers.

22.    In February of 2026, Mr. Schemenauer became aware that Sam's Club in Mishawaka, Indiana was selling the exact same kinetic sculptures that are the subject of the '306 Registration.

23.    The photograph on the following page shows the sale of the copyrighted work in Sam's Club via Defendant's importation of its product:

4



24.     Defendant caused the above kinetic sculptures to be imported into the United States and to be sold at Sam's Club.

25.     The image above is in the Sam's Club location in Mishawaka, Indiana.

26.     The infringing kinetic sculptures above are identical to Plaintiff's copyrighted articles because Defendant used the same supplier in China that Plaintiffs use to manufacture the kinetic sculptures covered by the '306 Registration.

27.     Plaintiffs are aware of Defendant using the same supplier because that supplier, Welford Ind. Ltd., confirmed that fact.

**Defendant's Wrongful Conduct After Receiving Notice**

28.     Before bringing suit, David Schemenauer and his agents provided notice to Defendant of their wrongful infringement.

29.     On March 3, 2026, Stacey Spencer (Controller of Marshall), contacted Brian McTasney of StyleCraft regarding infringement.  The email to Brian McTasney included the copyright information.  The email and attachments are attached as Exhibit 2.

5

30.     On March 4, 2026, Jim Peng, a Chinese affiliate of StyleCraft in the U.S. responded to Stacey and David Schemenauer stating there was no infringement.  Exhibit 3. This correspondence from Jim Peng showed different kinetic sculptures that do not resemble the infringing wind spinner being sold at Sam's Club.

31.     On April 5, 2026, Jimmy Webster, the CEO of StyleCraft, responded with a litany of excuses and sought to be supplied with the same copyright information that was already supplied to Brian McTasney on March 3, 2026.

32.     On April 15, 2026, Michael Marston, undersigned counsel for Plaintiffs sent Jimmy Webster the copyright with a demand letter seeking the removal of all of the infringing sculptures from Sam's Club.  Exhibit 4.

33.     On April 24, 2024, Defendant's counsel responded to the April 15, 2026 correspondence.  That response denied copyright infringement and said don't tell Sam's Club about the infringement.  Exhibit 5.

34.     As of this filing, Defendant's response to the infringement has been to deny any infringement and to continue infringing.

### COUNT 1 – Copyright Infringement

35.     Plaintiffs incorporate and reallege by reference paragraphs 1-34 as if fully set forth herein.

36.     Plaintiff David Schemenauer owns the '306 Registration and allows Marshall to sell kinetic sculptures covered by the '306 Registration.

37.     Plaintiffs have complied with all statutory formalities required by the Copyright Act to maintain the validity of the '306 Registration.

38.     At least as early as February 2026, Sam's Club in Mishawaka, Indiana began selling the kinetic sculptures covered by the '306 Registration.

39.     These sales at Sam's Club were due to Defendant's importation of the copyright infringing kinetic sculptures depicted in rhetorical Paragraph 23.

40.     Defendant was not authorized to make sales of the kinetic sculptures at Sam's Club or anywhere else.

41.     Defendant's unauthorized copying, reproduction, public display, and distribution constitutes direct and/or contributory copyright infringement Under 17 U.S.C. § 501.

42.     Defendant caused the importation of the infringing kinetic sculptures by using the same supplier as Plaintiffs use to produce their kinetic sculptures.

43.     At least as early as March 3, 2026, Defendant has been made aware of the infringement.

44.     The continued copyright infringement has been knowing and willful.

45.     Defendant's conduct is causing harm to Plaintiffs and will continue to cause Plaintiff harm.

46.     Plaintiff is entitled to be awarded its attorneys' fees and costs and statutory damages.

### COUNT 2 – Unfair Competition (Indiana Common Law)

47.     Plaintiffs incorporate and reallege by reference paragraphs 1-46 as if fully set forth herein.

48.     Plaintiff makes, imports, distributes, uses, offers to sell and/or sells in the United States, including in this district, the sculptures that directly infringe Plaintiff's copyright in violation of U.S. Copyright Act of 1976 and Federal Unfair Competition laws.

49. Defendant has actively marketed, promoted, advertised, and/or continuously sold the infringing sculptures even after being notified by Plaintiff.

50. Defendant has intentionally and maliciously used an infringing, identical, and/or substantially indistinguishable sculpture design without authorization and continues to cause damage to Plaintiff's reputation. Defendant's acts deceive and mislead the public into believing that Defendant's product is actually Plaintiff's product.

51. StyleCraft Home Collection, Inc.'s conduct as alleged herein constitutes unfair competition, false designation, description or representation; false advertising; and/or unfair or deceptive trade practices that are likely to cause confusion or mistake by the public in violation of 15 U.S.C. §1125(a).

52. As a direct and proximate result of the acts alleged herein, Plaintiffs have suffered, and will continue to suffer, damages to its business, reputation, and goodwill and monetary damages and lost profits in an amount not yet determined. Defendant's actions have caused, and unless Defendant is enjoined by the Court, will continue to cause, irreparable harm and injury to Plaintiffs. The damages caused by Defendant's actions are not susceptible to any ready or precise calculation because such damages involve not only lost profits, but also lost business opportunities, loss of goodwill, and the impairment of the integrity of Plaintiff's copyrighted sculpture.

53. Defendant's conduct has caused irreparable harm in the form of lost business and reputation, and other irreparable harm, entitling Plaintiffs to recover damages, Defendant's profits and injunctive relief.

**WHEREFORE**, Plaintiffs pray that the Court enter judgment against Defendant and in favor of Plaintiffs as follows:

A. Judgment that Defendant has infringed Plaintiff's copyrighted work;

B. Awarding Plaintiff its compensatory and actual damages;

C. Ordering Defendant to provide an accounting of its profits;

D. Awarding Plaintiff actual damages under the Copyright Act or, at the election of Plaintiff, statutory damages for Defendant's infringement;

E. Increasing the award of damages because of Defendant's willful infringement;

F. Requiring Defendant to deliver upon oath, all infringing works, and that an order of impoundment and/or seizure in respect of the foregoing be issued out of this Court;

G. Awarding Plaintiff its attorneys' fees and costs;

H. Awarding Plaintiff prejudgment and post-judgment interest; and

I. Awarding such other and further relief as the Court may deem just and proper.

### <u>REQUEST FOR JURY TRIAL</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby requests a trial by jury of all causes of action and issues triable by jury.

Dated: May 8, 2026

Respectfully Submitted,

s/ *Michael D. Marston*
Michael D. Marston (26875-71)
mmarston@bhlawyers.net
BOTKIN & HALL, LLP
1003 N. Hickory Road
South Bend, IN 46615
Tel: (574) 234-3900

*Attorneys for Plaintiffs*
*David M. Schemenauer and Marshall Home Corp.*